IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Daniel Pistone, M.D., ) | Civil Action No.: 4:17-CV-02206-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Stat MD, LLC, Harry Gore, and Ginger ) | |
| Gore, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before this Court on Stat MD, LLC's Motion to Dismiss [ECF #6]; Defendant Harry Gore's Motion to Dismiss [ECF #7]; and Defendant Harry Gore's Motion to Dismiss Second Amended Complaint [ECF #13]. All parties have had the opportunity to brief the issues raised in the Motions to Dismiss, and this Court has thoroughly considered all pleadings filed in this case.[1]

**Procedural History**

On May 15, 2017, this lawsuit was originally filed by Daniel Pistone, M.D. ("Dr. Pistone" or "Plaintiff") in the Fifteenth Judicial Circuit, Court of Common Pleas of Horry County against Stat MD, LLC and Harry Gore, alleging violations of the South Carolina Payment of Wages Act, negligence, breach of contract, and unjust enrichment related to an employment agreement allegedly entered into between Plaintiff and the named Defendants. [ECF #1-1]. This case was removed to federal court on August 18, 2017. On August 22, 2017, both Stat MD, LLC and Mr.

---

[1] Under Local Civil Rule 7.09 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

Gore filed an Answer. The same day, both Defendants each filed a Motion to Dismiss. Stat MD, LLC filed a Motion to Dismiss, alleging that the negligence cause of action should be dismissed because the economic loss rule bars this claim. [ECF #6-1, p. 3]. That same day, Harry Gore filed a Motion to Dismiss, alleging that the negligence cause of action should be dismissed because the economic loss rule bars this claim, and further alleging that the remainder of the Complaint should be dismissed against Mr. Gore because Plaintiff did not plead a cause of action against him, and because Mr. Gore was not a party to the contract. [ECF #7-1, pp. 3-6].

Thereafter, Plaintiff twice amended his Complaint. On September 5, 2017, Plaintiff amended his Complaint to remove the negligence cause of action, as well as to include more specific allegations against both Defendants Harry Gore and Ginger Gore. [ECF #9].[2] That same day, Plaintiff filed a Second Amended Complaint, which appears to now include Ginger Gore as a Defendant in the caption, but otherwise adds in the additional allegations against both Harry Gore and Ginger Gore. [ECF #10].

Within the Complaint, Plaintiff alleges that "the parties" entered into a valid and binding contract for employment. [ECF #10, p. 2]. Plaintiff further alleges that "Defendants" agreed to pay Plaintiff $15,000.00 monthly for Plaintiff's employment. [ECF #10, p. 2]. Plaintiff further alleges that upon "information and belief," Defendant Harry Gore "has been and is knowingly and intentionally failing and refusing to pay Plaintiff for all hours worked and/or instructing Defendant Stat MD, LLC not to pay Plaintiff." [ECF #10, p. 3]. Plaintiff alleges that Defendant Harry Gore is an agent or officer of Defendant Stat MD, LLC. [ECF #10, p. 4]. Plaintiff alleges Defendant

---

[2] The Amended Complaint includes Ginger Gore as a named Defendant within the pleadings.

Harry Gore "knowingly permitted and/or directed Stat MD, LLC, to not timely pay Plaintiff wages that were due to him for each pay period Plaintiff worked and Defendant Harry Gore knowingly violated the Wage Act, upon information and belief." [ECF #10, p. 5]. Plaintiff alleges "Defendants failed to comply with the terms of the employment contract by failing to pay wages due to Plaintiff and such failure to pay wages due to Plaintiff is a material breach of the employment contract." [ECF #10, p. 6]. Finally, Plaintiff alleges that all Defendants "realized the benefits conferred by Plaintiff," and that "circumstances exist which would make it inequitable for Defendants to retain the benefit." [ECF #10, p. 6].

On September 13, 2017, Defendant Harry Gore filed a Motion to Dismiss Plaintiff's Second Amended Complaint, alleging that Plaintiff's claims against him fail as a matter of law because there is no contract between Plaintiff and Harry Gore. [ECF #13-1, p. 4]. Specifically, Defendant Harry Gore argues that the purported contract is between Stat MD, LLC and Daniel Nelson Piston, M.D. [ECF #13-1, p. 4]. Defendant Harry Gore attached the purported contract as an Exhibit to the Motion, and further notes that Ginger Gore was to sign on behalf of Stat MD, LLC. [ECF #13-1, Ex. A]. On September 21, 2017, Plaintiff filed his response, arguing that he entered into the alleged employment contract with both Harry Gore and Ginger Gore as Stat MD, LLC's agents. [ECF #14, p. 3]. Plaintiff also appears to argue that the purported contract attached to Defendant Harry Gore's Motion to Dismiss is not referenced by Plaintiff in his Complaint. [ECF #14, p. 3]. Finally, Plaintiff argues that this Court should wait until the discovery period has ended to assess whether Defendant Harry Gore can prove he did not enter into a contract with

3

Plaintiff. [ECF #14, p. 3].[3]

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the sufficiency of the facts alleged in a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that he pleader is entitled to relief." While this standard does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, a complaint will not suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). The United States Supreme Court recently stated that:

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 556 U.S. at 678 (quoting T*wombly*, 550 U.S. at 570).

When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In considering a motion to dismiss, the factual allegations in a complaint are accepted as true, and

---

[3] The burden of proof in this case remains with Plaintiff to affirmatively prove the existence of a contract.

4

the plaintiff is afforded the benefit of all reasonable inferences to be drawn from the allegations contained within the complaint. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). To survive a motion made under 12(b)(6), while the court must accept as true the factual allegations, the same deference is not accorded legal conclusions within the complaint. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Moreover, a complaint must state a "plausible claim for relief." *Id.* This Court is thus tasked with determining whether the complaint alleges specific facts to establish the elements of the claim.

## **Discussion**

Defendants Stat MD, LLC and Harry Gore argue that Plaintiff's negligence claims should be dismissed. Under South Carolina law, the economic loss rule bars a negligence action "where duties are created solely by contract." *Eaton Corp., v. Trane Carolina Plains*, 350 F. Supp. 2d 699, 701 (D.S.C. Nov. 4, 2004). Here, after Defendant Stat MD, LLC filed its Motion to Dismiss [ECF #6] Plaintiff's negligence claims based on the economic loss rule, Plaintiff amended his pleading to remove the negligence cause of action. Thus, Defendant Stat MD, LLC's motion is now moot. For the same reason, this Court finds that Defendant Harry Gore's Motion to Dismiss [ECF #7] just the negligence claims, based upon this same argument is also moot. Moreover, because Plaintiff amended his complaint, Defendant Harry Gore's initial Motion to Dismiss the Complaint based on the fact that the allegations were conclusory, is moot, as well.

However, Defendant Harry Gore filed a subsequent Motion to Dismiss Plaintiff's Second Amended Complaint. [ECF #13]. In this Motion, Defendant Harry Gore alleges that Plaintiff's Complaint against him should be denied because he did not contract with the Plaintiff regarding

5

the alleged employment contract. [ECF #13-1, pp. 3-4]. Plaintiff argues that his Complaint should survive dismissal because he claims Defendant Harry Gore entered into an employment contract as an agent, member or officer of Stat MD, LLC. Moreover, Plaintiff appears to argue that the purported contract attached to Defendant Harry Gore's Motion to Dismiss is not referenced in his Complaint, and that discovery should be conducted in this case to ascertain whether or not Defendant Harry Gore entered into a contract. [ECF #14, p. 3].

To recover for a breach of contract, a plaintiff must prove: (1) a binding contract entered into by the parties; (2) a breach or unjustifiable failure to perform the contract; and (3) damage suffered by the plaintiff as a direct and proximate result of the breach." *Tomlinson v. Mixon*, 367 S.C. 467, 626 S.E.2d 43, 50 (S.C. Ct. App. 2006) (vacated on other grounds) (citing *Fuller v. E. Fire & Cas. Ins. Co.*, 240 S.C. 75, 124 S.E.2d 602, 610 (S.C. 1962)). Here, Defendant provides an unsigned agreement, purportedly the agreement in question, which is not signed by either party, but which appears to intended to have been signed by Plaintiff (Daniel N. Pistone, M.D.) and Defendant Stat MD, LLC (by Defendant Ginger Gore). However, the alleged contract was not made a part of the pleadings. Generally, matters outside of the pleadings are not considered when ruling on a Rule 12 motion. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (noting that documents are outside of the pleadings if a complaint's factual allegations are not explicitly relied and dependent upon such matters). Thus, this is evidence outside the pleadings and not a part of Plaintiff's Complaint.

A review of the Amended Complaint with a focus on Harry Gore and the allegations against him establish the sufficiency of the Complaint against him for purposes of a 12(b)(6)

6

motion, particularly paragraphs 9, 11, 23, 32, 39, 50, 51, 55 and 58 referencing "Defendants" or "Harry Gore."  This Court also finds that within Plaintiff's pleadings, Plaintiff has provided sufficient factual matter to survive a motion to dismiss and raise a right to relief above a speculative level. *See Twombly*, 550 U.S. at 555. Accordingly, this Court finds that Plaintiff's Complaint should survive dismissal at this stage of the litigation.  While ultimately, the Defendant may be entitled to consideration of other dispositive motions at a later time, they are not before me and are premature.

## Conclusion

The Court has thoroughly reviewed the entire record, including the pleadings, Defendants' motions to dismiss [ECF #6, #7, #13], Plaintiff's response to the motion, and the applicable law. For the reasons stated above, Defendant Stat Md, LLC's Motion to Dismiss [ECF #6] and Defendant Harry Gore's Motion to Dismiss [ECF #7] are **DENIED** as moot.  Defendant Harry Gore's Motion to Dismiss the Second Amended Complaint [ECF #13] is **DENIED**.

**IT IS SO ORDERED.**

Florence, South Carolina　　　　　　　　　　　　　　　s/ R. Bryan Harwell
November 1, 2017　　　　　　　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge